UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAF, MD,<br><br>    Plaintiff,<br><br>v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY n/k/a UNUM.,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>1:24-CV-5370-SEG |

**O R D E R**

This matter is before the Court on Plaintiff NAF's motion to proceed anonymously. (Doc. 3.) Plaintiff is a practicing radiologist who suffers from Fronto Temporal Dementia. (*Id.* ¶¶ 2-3.) On November 22, 2024, he filed suit against his insurer, Defendant Provident Life and Accident Insurance Company, alleging that it wrongfully denied his claim for disability benefits. (Compl., Doc. 1 ¶¶ 27-60.) Plaintiff moves to proceed anonymously because "the nature of his disability might undermine his professional standing" and his privacy "would be prejudiced by publicly disclosing his identity." (Doc. 3 ¶¶ 2.)

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint" in federal court "must name all the parties" and that all

other pleadings must name the first party on each side. Fed. R. Civ. P. 10(a). While Rule 10(a) "creates a strong presumption in favor of parties[ ] proceeding in their own names," the rule is not absolute. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). "A party may proceed anonymously in a civil suit in federal court by showing that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1315-16 (internal quotation marks omitted).

A court considering a party's request to proceed anonymously "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). The first step in analyzing a plaintiff's claim of a substantial right of privacy is to consider three factors: (1) whether "the plaintiffs seeking anonymity [are] challenging governmental activity"; (2) whether the plaintiffs will "be required to disclose information of the utmost intimacy"; and (3) whether the plaintiffs will "be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution." *Francis*, 631 F.3d at 1316. After considering the foregoing factors, courts may weigh other judicially recognized criteria, such as: (4) "whether the plaintiffs [are] minors"; (5) whether the plaintiffs will be

2

"threatened with violence or physical harm by proceeding in their own names"; and (6) whether the plaintiffs' anonymity "pose[s] a unique threat of fundamental unfairness to the defendant." *Id.*

"As an initial matter, the fact that [a] plaintiff's case relates to her medical history does not *per se* mean that anonymity is appropriate." *Tessa G. v. Becerra*, No. 1:23-CV-02665-LMM-RGV, 2023 WL 11798819, at *3 (N.D. Ga. Aug. 17, 2023) (quoting *L.R. v. Cigna Health & Life Ins. Co.*, Case No: 6:22-cv-1819-RBD-DCI, 2023 WL 4532672, at *3 (M.D. Fla. July 13, 2023)) (cleaned up); *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[T]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems.").

While the Court wishes to be sensitive to Plaintiff's circumstances, Plaintiff's motion does not discuss the *Frank* factors and fails to identify any similar case in which a court has allowed a party to proceed anonymously. Because Plaintiff may be able to satisfy the standard for proceeding anonymously by addressing the concerns described above, the Court will permit Plaintiff an opportunity to re-file his motion with additional briefing, to include citation to pertinent case law.

Accordingly, Plaintiff's motion to proceed anonymously (Doc. 3) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may re-file his motion within 30 days of the entry of this order.

**SO ORDERED**, this 13th day of December, 2024.

_____
SARAH E. GERAGHTY
United States District Judge